IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIE POLITE, et al., : | CIVIL ACTION |
| : | NO. 08-6046 |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| PENNSYLVANIA DEPARTMENT OF : | |
| CORRECTIONS, et al., : | |
| : | |
| Defendants. : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                MARCH 22, 2012

I.   INTRODUCTION

    Plaintiffs Willie Polite, Gregory Stover, Edward Monroe, and Aaron Christopher Wheeler (collectively, "Plaintiffs") bring this prison conditions action pursuant to 42 U.S.C. § 1983, the Alien Tort Claims Act, and the Universal Declaration of Human Rights against Defendants-Pennsylvania Department of Corrections, Pennsylvania Department of General Services, former Governor Edward Rendell, Jeffrey Beard, and Prison Health Services (collectively, "Defendants"). Plaintiffs, each of whom is currently in the custody of the Pennsylvania Department of Corrections, argue that Defendants violated their constitutional rights by the denial or delay of medical treatment; being given generic medications; and being forced to make $5.00 co-pays for medical visits. Plaintiffs also argue

that certain Defendants received financial incentives for denying medical treatment.

Currently before the Court are Plaintiffs' requests for discovery. For the reasons set forth below, the Court will permit Plaintiffs limited discovery.

## II. BACKGROUND

On June 15, 2010, Plaintiffs filed an Amended Complaint, the operative complaint, against Defendants.[1] ECF No. 15. Upon receipt of Plaintiffs' Amended Complaint, Defendants filed motions to dismiss. See ECF Nos. 23, 32. The Court denied Defendants' motions without prejudice, although it did dismiss Plaintiffs' claims under the Alien Tort Claims Act and Universal Declaration of Human Rights. Order 2, Feb. 3, 2011, ECF No. 34. Given the number of Plaintiffs and Defendants, the number of claims, the status of Plaintiffs as pro se litigants, to clarify Plaintiffs' claims and streamline the litigation, and to develop a record such that the Court could determine whether to appoint counsel in this matter, the Court ordered Defendants to take

---

[1] Plaintiffs filed their original complaint on December 31, 2008, which included John Moore and Maurice Everett as plaintiffs. In Plaintiffs' Amended Complaint, John Moore and Maurice Everett are not named as plaintiffs. Plaintiffs' Amended Complaint indicates that John Moore and Maurice Everett no longer wished to participate in this action. See Am. Compl. ¶ 35. On August 10, 2011, the Court dismissed John Moore and Maurice Everett. Order, Aug. 10, 2011, ECF No. 52.

2

Plaintiffs' depositions and file motions for summary judgment. The Court also provided that, after the depositions were taken and with the benefit of a fuller record before it, it would conduct a status and scheduling conference to consider (1) whether the case should be severed pursuant to Rule 21; (2) whether the Court should appoint counsel; and (3) what, if any, discovery relevant and appropriate at this time to the issues in the case was warranted. Id.; see Fed. R. Civ. P. 16(c), 56(d)(2).

After taking Plaintiffs' depositions as directed, Defendants filed summary judgment motions. On August 9, 2011, the Court held a telephonic status and scheduling conference to discuss the progress of the case. The Court Ordered Plaintiffs to submit specific discovery requests to facilitate their responses to Defendants motions for summary judgment. Order, Aug. 10, 2011, ECF No. 52. This request period closed on November 7, 2011. After receipt of Plaintiffs' extensive discovery request lists, see ECF Nos. 55, 56, 58, the Court Ordered Defendants to file objections to Plaintiffs' specific discovery. See Order, Jan. 26, 2012, ECF No. 59. Defendant-Monroe responded to Defendants objections on March 5, 2012, and March 12, 2012. ECF Nos. 58, 59. Plaintiffs' discovery requests and Defendants' objections are now fully briefed and ripe for disposition.

## III. DISCOVERY REQUESTS

Based on the Court's review of Plaintiffs' discovery requests, Plaintiffs collectively filed twenty-five specific discovery requests related to their claims of denial of medical treatment, insufficient medical care, and requirement for a co-pay. They filed twenty-seven requests that relate to their claim that Defendants had a financial incentive program to encourage denial of medical care. Many of these requests were overlapping and redundant, unduly burdensome to Defendants, and some requests had no relevance to the underlying claims.

Given this, the Court finds that the most appropriate procedure for this case is to allow discovery on whether Defendants violated Plaintiffs' constitutional rights inasmuch as Defendants' actions resulted in the claimed violations of the Eighth, Ninth, and Fourteenth Amendments for deprivation of adequate medical care and requiring a co-pay for such care. Should Plaintiffs succeed on these claims, the Court will consider Plaintiffs' additional claims that Defendants violated such rights because of an unlawful financial incentive program.

Under these circumstances, the Court will direct Defendants to provide Plaintiffs with the following discovery:

1. Complete copy of Plaintiff-Stover's medical record from 1988 to present, produced to Plaintiff-Stover;

2.  Complete copy of Plaintiff-Wheeler's medical record from March 29, 2000, to present, produced to Plaintiff-Wheeler;

3.  Complete copy of Plaintiff-Polite's medical record from March 29, 2000, to present, produced to Plaintiff-Polite;

4.  Complete Copy of Plaintiff-Monroe's medical record from March 29, 2000, to present, produced to Plaintiff-Monroe;

5.  Plaintiffs are permitted to depose: Joseph Korszniak, Leiliani Sears, Jack Staffaroni, Richard Stefanic, and Felipe Arias via (a) written depositions pursuant to Federal Rule of Civil Procedure 31; and (b) written interrogatories;[2]

6.  The entire contract between the Commonwealth of Pennsylvania and Defendant-Prison Health Services that provides the rights and obligations for medical services, if it has not already been produced;

7.  A copy of 37 Pa. Code § 93.12(e);

8.  Public job description of the Secretary of the Pennsylvania Department of Corrections and mission statement;

---

[2] Plaintiffs did not request oral depositions and Defendants did not object to this written discovery. Plaintiffs are allowed twenty-five interrogatories each.

9. Copy of the oath of office taken by Defendant-Beard;

10. Inmate handbook;[3]

11. In lieu of producing documents, Defendants shall identify the licenses, board certifications, and years of experience of all physicians, nurses, psychiatrists, and psychologists that treated Plaintiffs while they were in the custody of Defendant-Pennsylvania Department of Corrections. Each physician, nurse, psychiatrist, or psychologist shall be identified by number and remain anonymous until, for good cause shown, it is otherwise Ordered by the Court;[4]

12. Any service contracts between Defendants and non-party MHM Correctional Services, for services render at the Pennsylvania Department of Corrections.

### III. CONCLUSION

As set forth above, the Court will overrule Defendants' objections and permit Plaintiffs limited discovery. An appropriate Order will follow.

---

[3] Defendants had no objection to the documents enumerated in items 1 - 10.

[4] Defendants raised issues of security, including possible retaliation, against these non-party health service providers.